UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-05761-AB (GJSx) | Date: | October 3, 2016 |
|---|---|---|---|

Title: *Paul Viriyapanthu v. American Airlines, et al.*

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order Granting Plaintiff's Motion to Remand to State Court [8]

Pending before the Court is pro se Plaintiff Paul Viriyapanthu's Motion to Remand to State Court. (Dkt. No. 8, Mot.) Plaintiff brings his Motion on the ground that Defendant American Airlines untimely filed its Notice of Removal. (*Id.* at 2–4.) Defendant argues in opposition that Plaintiff's Complaint was not removable on its face and that Defendant timely removed when Plaintiff responded to its Request for Statement of Damages with a request for relief that exceeded $75,000. (Dkt. No. 9, Opp'n at 1–2.) The Court took the matter under submission on September 30, 2016. Having considered the papers filed in support of and in opposition to the instant matter, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to state court.[1]

---

[1] Movants must comply with the Local Rules, which require the parties to meet and confer "at least seven (7) days prior to the filing of the motion" and to include a statement of compliance, including the date of the parties' conference, in the event that they are unable to reach a resolution. C.D. Cal. L.R. 7-3; *accord Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007) (stating that violation of local rules is sufficient basis to deny motion). Plaintiff's Motion does not contain a compliant conference of counsel statement under Local Rule 7-3 but instead alleges that Defendant ignored his request to meet and confer. (Mot. at 2–3.) In spite of this omission, the Court exercises its discretion to consider the Motion because Defendant does not allege any prejudice. *Accord CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) (collecting

## I.     BACKGROUND

### a. Factual Background

Plaintiff Paul Viriyapanthu is a resident of Garden Grove, California.  (Dkt. No. 1, Ex. A, Compl. at 5.)[2]  The Complaint contains the following allegations: Plaintiff sustained monetary damage including general damages and emotional distress "according to proof" and $60,000 in medical bills when Defendant canceled his airline flight.  (*Id.* at 7–8.)  After canceling the flight, Defendant issued a hotel voucher to Plaintiff and instructed him to wait for a hotel shuttle that transported Plaintiff from the airport to a hotel.  (*Id.* at 8.)  When the hotel refused to honor Defendant's voucher, Plaintiff returned to the airport and complained to Defendant's employee of the lack of accommodation.  (*Id.*)  Plaintiff explained to the employee that he felt abandoned in the empty airport and that he had a serious heart condition.  (*Id.*)  In response, the employee told Plaintiff that Defendant would do nothing and also threatened to have Plaintiff arrested.  (*Id.*)  The stress of these events caused Plaintiff to experience chest pains and "nearly caused his death."  (*Id.*)  Plaintiff sought treatment at an emergency room, where he was admitted as a patient and remained for three days.  (*Id.*)

Plaintiff filed this Motion to Remand on the ground that Defendant's Notice of Removal was untimely because Plaintiff's Complaint was removable on its face.  (Mot. at 2–4.)  Specifically, the Complaint requested $60,000 in medical bills and additional monetary damages for general damage and emotional distress in amount "according to proof."  (Compl. at 7–8.)  In support of its Opposition, Defendant states that Plaintiff's Complaint did not establish federal subject matter jurisdiction because the amount in controversy did not exceed $75,000.  (Opp'n at 1–2.)  Accordingly, Defendant argues that it timely removed the action based on Plaintiff's response to its Request for Statement of Damages, wherein Plaintiff requested $60,000 in medical bills and $180,000 for general damages including "[p]ain, suffering, and inconvenience."  (Opp'n at 1–2; Dkt. No. 1, Ex. D.)

### b. Procedural Background

Plaintiff filed his Complaint in state court on March 14, 2016.  (Dkt. No. 1, Ex. 1.)  On May 9, 2016, Defendant served Plaintiff with a Request for Statement of Damages, which Plaintiff returned on July 5, 2016.  (Dkt. No. 1, Exs. C–D.)  Based on Plaintiff's response to the Request, Defendant filed its Notice of Removal on August 3, 2016.  (Dkt. No. 1.)  Plaintiff filed this Motion to Remand on September 2, 2016, and

---

cases) ("Failure to comply with the Local Rules does not automatically require the denial of a party's motion, however, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply.").

[2]  The Court cites to the pagination contained in the CM/ECF document header.

Defendant filed its Opposition on September 12, 2016. (Dkt. Nos. 8–9.) On September 19, 2016, Plaintiff filed his Reply. (Dkt. No. 13.) The Court now considers Plaintiff's Motion.

## II. LEGAL STANDARD

A motion to remand challenges the propriety of an action's removal to federal court. 28 U.S.C. § 1447. The Court may remand an action for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, removal statutes are strictly construed, with any doubts resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

The removing party bears the burden of proving that removal was proper. *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). As to subject matter jurisdiction, Defendant must establish that the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). As to defects in the removal procedure, Defendant must establish that it followed the proper procedure for removal under 28 U.S.C section 1446. 28 U.S.C. §§ 1446(b)(1), (3). Section 1446 provides two possible thirty-day windows by which removal must be effected. *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015). The first thirty-day window triggers when the defendant receives a complaint that is removable on its face. 28 U.S.C. § 1446(b)(1).[3] The second thirty-day window triggers when a party receives a document other than the initial pleading indicating that the action is removable. 28 U.S.C. § 1446(b)(3).[4] The second window is available only where the action was not removable on the face of the complaint. *Id.*

## III. DISCUSSION

---

[3] Section 1446(b)(1) provides in its entirety, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

[4] Section 1446(b)(3) provides in its entirety,

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3).

     To defeat a motion for remand, Defendant bears the burden as the removing party to demonstrate it followed the proper removal procedure. *Accord United Computer Sys.*, 298 F.3d at 763. The Court infers that Plaintiff's position, while inartfully pled, is that Defendant's Notice of Removal under section 1446(b)(3)'s second window was improper because the Complaint was removable on its face without reference to any later filings. *Accord Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation omitted) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' of pro se litigants."). Thus, Plaintiff argues that Defendant was compelled to initiate removal proceedings, if at all, under section 1446(b)(1)'s first window based on the Complaint's request for relief. (Mot. at 2, 4 (stating that "[t]he case was always removable to federal court *from the very beginning*") (emphasis in original).) Defendant opposes remand on the ground that the Complaint did not meet the jurisdictional threshold as to the amount in controversy because it requested just $60,000. (Opp'n at 2.) While the Court disagrees with certain portions of Plaintiff's reasoning,[5] the Court finds that Defendant has not carried its burden to show that removal was procedurally proper because Defendant has not shown that it was unable to remove the Complaint on its face.

     Section 1446(b)(3)'s second window allows a defendant to remove an action thirty days after a subsequent pleading establishes that federal jurisdiction may lie, but only where the complaint was not removable on its face. 28 U.S.C. § 1446(b)(3). A complaint is removable on its face where the sum of damages requested in the initial pleading exceeds the jurisdictional amount in controversy of $75,000. *Accord* 28 U.S.C. § 1446(c). But, for removal purposes, the sum of damages requested in the complaint is not limited to the specific dollar amount pled: Rather, if a complaint seeks either nonmonetary relief or "a money judgment, but the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then the notice of removal, in addition to the complaint, may assert the amount in controversy while remaining within the category of complaints that are removable on their face and thus subject to the first window for removal. 28 U.S.C. §§ 1446(b)(3), 1446(c)(2)(A).

     Such is the case here. The face of the Complaint sought not only $60,000 but also an unspecified money judgment for general damage and emotional distress in an amount "according to proof." (Compl. at 7–8.) As to the money judgment that Plaintiff requested, state practice both barred Plaintiff from pleading a specific dollar

---

[5] For example, Plaintiff states that the action was removable because "[t]he medical expenses for the three days of hospitalization at the hospital in Dallas was already $83,000." (Mot. at 4.) This is irrelevant because Plaintiff did not plead $83,000 as the amount of compensation sought for his hospital bills in the Complaint. (*Cf.* Compl. at 8 (claiming $60,000 as the amount of his hospital bills for three days of hospitalization).)

amount for an action sounding in personal injury[6] and also clearly permitted general and emotional distress damages in excess of the amount demanded, which was an unspecified amount "according to proof." (*Id.*) Accordingly, Defendant might have initiated removal proceedings under the first removal window by alleging an actual amount in controversy in its notice of removal. *See* 28 U.S.C. § 1446(c)(2)(A). In its notice, Defendant need only have demonstrated that the aggregate amount exceeded $75,000 by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). The actual amount in controversy, then, was the aggregate of the $60,000 requested in the Complaint and the additional amount of unspecified damages that Defendant's notice of removal could demonstrate would be available to Plaintiff by a preponderance of the evidence. If Defendant might have succeeded on this showing, then it can be said that the Complaint was removable on its face, and Defendant was foreclosed from removing under the second window.

Here, Defendant has not shown that the aggregate of the Complaint and a notice of removal could not establish an amount in controversy greater than $75,000. To be clear, Defendant's notice of removal need only have established that Plaintiff was entitled to pursue $15,000 in general and emotional distress damages because the Complaint clearly requested $60,000 in medical bills. It is settled law that the Court may consider emotional distress and other damages in ascertaining the amount in controversy even when the plaintiff does not specify an amount in his complaint. *Accord Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial."). Additionally, Plaintiff alleged that Defendant's employee made aggravating comments to Plaintiff after Plaintiff disclosed his pre-existing heart condition and claimed that Defendant's negligence "nearly caused his death." (Compl. at 8.) Based on the Complaint's allegations, it is far from certain that Defendant would not have been able to assert that an additional $15,000 was in controversy. Indeed, Defendant has not made any clear attempt to show that it would not have prevailed in its attempt. This was Defendant's burden, and the Court will not assume it. *Accord Shamrock Oil & Gas Corp.*, 313 U.S. at 108–09 (holding that removal statutes are strictly construed with doubts resolved in favor of remand).

Because Defendant has not demonstrated that it could not remove the Complaint on its face, Defendant has failed to establish that it could properly remove this action under section 1446(b)(3)'s second removal window. Accordingly, Defendant has not

---

[6] Because Plaintiff selected "personal injury" as his type of claim alleged, the form prepared by the Judicial Council of California and submitted by Plaintiff as his Complaint required that Plaintiff request an "amount of damages . . . according to proof" rather than declare a dollar amount of damages requested. (*See* Compl. at 5, 7 ("[I]n cases for personal injury or wrongful death, you must check . . . 'according to proof.'").)

carried its burden, and remand is warranted.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **VACATES** the scheduling conference set for November 21, 2016.   This action is **REMANDED** to the Superior Court for the State of California, County of Los Angeles for further proceedings.   The Clerk shall send a certified copy of this Order to the state court.

**IT IS SO ORDERED.**